```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| SOMERSET ORTHOPEDIC ASSOCIATES, P.A., | CIVIL ACTION NO. 06-867 (MLC) |
|  | **MEMORANDUM OPINION** |
| Plaintiff, |  |
| v. |  |
| AETNA LIFE INSURANCE COMPANY, |  |
| Defendant. |  |

**THE COURT** ordering the defendant to show cause why the action should not be remanded to state court for lack of jurisdiction under 28 U.S.C. § ("Section") 1331 (dkt. entry no. 3, Order to Show Cause ("OTSC")); and the plaintiff medical provider bringing this action in state court to recover $2,490 for services provided to a certain beneficiary ("Beneficiary") of a group health benefit plan ("Plan") (Compl.); and the defendant (1) removing the action based on the Employee Retirement Income Security Act ("ERISA") (Rmv. Not., at 2), and (2) bearing the burden of demonstrating jurisdiction, see 28 U.S.C. § 1446(a); and the Court being authorized to examine jurisdiction and remand the action sua sponte, see 28 U.S.C. § 1447(c); and

**IT APPEARING** that the action is not completely preempted by ERISA because the plaintiff would lack standing to bring an action under ERISA, see Pascack Valley Hosp. v. Loc. 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 400 (3d Cir. 2004), cert. denied, 126 S.Ct. 336 (2005); Cmty. Med. Ctr. v. Loc. 464A UFCW

Welfare Reimbursement Plan, 143 Fed.Appx. 433, 435-36 (3d Cir. 2005); and the defendant also having failed to allege whether the Beneficiary assigned benefits to the plaintiff; and it appearing that the action may be remanded even if the plaintiff obtained an assignment, see Pascack Valley Hosp., 388 F.3d at 402-04 (stating fee dispute not covered by ERISA, as dispute not over right to payment, but amount of payment), Briglia v. Horizon Healthcare Servs., No. 03-6033, 2005 WL 1140687, at *4-*5 (D.N.J. May 13, 2005) (stating assignment to medical provider invalid, as benefit plan had anti-assignment clause); and

**THE COURT** advising the defendant of the intention to remand the action for lack of jurisdiction under Section 1331 (OTSC, at 2-3); and

**THE DEFENDANT** stating in response that (1) it is the claims administrator for the Plan in which the Beneficiary is enrolled, (2) this is a claim brought against it for "fail[ing] to pay correctly" for the plaintiff's services to the Beneficiary, (3) there is no independent agreement between it and the plaintiff here, (4) the plaintiff "is obliged to concede the existence of an assignment or alternatively concede Plaintiff has no standing to assert any claim against Defendant," and (5) "there is no allegation of an anti-assignment provision in the [Plan]" (Def. Br., at 2, 4-5; Def. Reply Br., at 2); and the Beneficiary having signed a form, which stated that he "authorize[d] my insurance

benefits to be paid directly to the [plaintiff]" (4-6-06 Pl. Letter, Ex. A); and

**THE COURT** determining that this action is not preempted by ERISA because it is merely based on — as stated by the defendant — the defendant's failure to pay correctly for the plaintiff's services, and thus "the dispute is not over coverage and eligibility, i.e., the right to payment, but rather over the amount of payment to which the [provider] is entitled," Englewood Hosp. & Med. Ctr. v. AFTRA Health Fund, No. 06-637, 2006 WL 3675261, at *5 (D.N.J. Dec. 12, 2006) (granting motion to remand, and citing Pascack Valley Hosp., 388 F.3d at 402-03); see UPMC Presby Shadyside v. Motel Hotel Assocs., No. 06-1323, 2006 WL 3484316, at *3 (W.D. Pa. Nov. 30, 2006) (granting motion to remand, as action was "dispute over 'how much,' not over 'whether' there is coverage or eligibility in the first instance"); and

**THE COURT** also determining that the defendant has not met its burden of demonstrating that the Beneficiary executed a relevant assignment for ERISA preemption, as the assignment authorizes nothing more than direct payment to the plaintiff, see Cmty. Med. Ctr., 143 Fed.Appx. at 435-36 (distinguishing assignment of benefits from assignment of right to reimbursement); and it appearing in any event that the defendant's argument that "there is no allegation of an anti-assignment provision" is without

merit, as the defendant failed to meet its burden of providing a copy of the benefit plan to the Court for review, Briglia, 2005 WL 1140687, at *5 (addressing argument concerning anti-assignment clause, and reviewing copy of plan submitted to court); and

**THE COURT** intending to grant the order to show cause, and remand the action for lack of jurisdiction under Section 1331; and for good cause appearing, the Court will issue an appropriate order and judgment.

          s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge